UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISHMAHIL BARRIE,

                    Petitioner,

     v.

BRUCE SCOTT, et al.,

                  Respondents.

Case No. 2:26-cv-00880-TMC

ORDER ON HABEAS PETITION

Petitioner Ishmahil Barrie is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Petitioner is a legal permanent resident who has been detained by respondents for over four years while they seek to remove him from the United States. Dkt. 1 ¶ 1. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody or an individualized bond hearing, arguing that his detention violates the Due Process Clause of the Fourteenth Amendment.

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the petition. Dkt. 1. Petitioner's request for immediate release is DENIED. Petitioner's request for an individualized bond hearing is GRANTED.

ORDER ON HABEAS PETITION - 1

## I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Sierra Leone who entered the United States in 2001 and became a lawful permanent resident in 2011. Dkt. 5 ¶ 13. In March 2014, Petitioner pleaded guilty in a Washington, D.C. court to Attempted First Degree Sexual Abuse and Kidnapping. Dkt. 11-1 at 2–7. He was sentenced to nine years imprisonment and five years of supervised release. *Id*. at 2; Dkt. 5 ¶ 31. After completing his sentence, Petitioner was transferred to the custody of U.S. Immigrations and Customs Enforcement ("ICE") on September 20, 2021. *Id*. ¶ 31–33; Dkt. 10 ¶ 8. Petitioner was charged as removeable under 8 U.S.C. § 1227(a)(2)(A)(iii)[1] based on his commission of an aggravated felony.[2] *Id*. ¶ 10. He was also charged with the conviction of a crime involving moral turpitude ("CIMT") within five years after his date of admission. Dkt. 10 ¶ 10; 8 U.S.C. § 1227(a)(2)(A)(i). Petitioner requested bond, and an Immigration Judge ("IJ") denied bond on the basis that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) and that Petitioner was a danger to the community. *Id*.[3]

On November 8, 2021, Petitioner appeared before an IJ who found that Petitioner's convictions were aggravated felonies and ordered Petitioner removed to Sierra Leone under § 1227(a)(2)(A)(iii). *Id*. ¶ 11; Dkt. 12-1 at 21. The IJ did not sustain the CIMT charge because Petitioner's convictions fell outside the five-year time frame. *Id*. Petitioner then filed an application for asylum and withholding of removal, which was rejected by the IJ in a subsequent decision on February 16, 2023. *Id*. at 20–31. Petitioner appealed to the Board of Immigration

---

[1] ("Any [non-citizen] who is convicted of an aggravated felony at any time after admission is deportable.").

[2] Specifically, Petitioner was charged for the conviction of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A) ("murder, rape, or sexual abuse of a minor") and 8 U.S.C. § 1101(a)(43)(U) ("an attempt or conspiracy to commit an offense described in this paragraph").

[3] The IJ's findings from this hearing are not included in the record provided by the parties.

Appeals ("BIA"), which remanded the case to the IJ to evaluate Petitioner's claim under the Convention Against Torture ("CAT"). Dkt. 12-1 at 18. The IJ issued a second written decision denying CAT relief on February 6, 2024. Dkt. 10 ¶ 17; Dkt. 12-1 at 7–11.

Petitioner appealed again, and the BIA dismissed the appeal on July 29, 2024. Dkt. 10 ¶ 18–19. Petitioner appealed to the Eleventh Circuit on August 2, 2024, and ICE transferred him to NWIPC later that month. *Id*. ¶¶ 20–21. The Eleventh Circuit reversed the BIA's decision and remanded the case on February 19, 2026. *Id*. ¶ 24; *Barrie v. U.S. Att'y Gen.*, 167 F.4th 1315 (11th Cir. 2026). The Eleventh Circuit held that "[t]he BIA erred in its conclusion that the generic federal definition of 'rape' in 8 U.S.C. § 1101(a)(43)(A) includes digital penetration and that Barrie's D.C. conviction is a categorical match to 'rape' in § 1101(a)(43)(A)." *Id*. at 1330. On March 19, 2026, the BIA acknowledged receipt of the Eleventh Circuit's decision and issued notices to the parties' attorneys that the case "will be placed on the Board's docket once it is ready for adjudication." Dkt. 10 ¶ 26. The BIA has not yet remanded the matter to an IJ. Dkt. 12 at 4.

Petitioner has been detained by Respondents for a total of 55 months since September 20, 2021. Petitioner was detained pursuant to 8 U.S.C. § 1226(c), which subjects noncitizens in removal proceedings to mandatory detention if they have committed certain types of criminal offenses. *See Avilez v. Garland*, 69 F.4th 525, 535–37 (9th Cir. 2023) (holding that § 1226(c)'s detention authority lasts through the judicial review phase of removal proceedings). Petitioner filed the instant petition for writ of habeas corpus on March 13, 2026. Dkts. 1, 5. The government responded on March 30 and Petitioner replied on April 6, 2026. Dkts. 9, 12. Petitioner argues that, even if he is subject to mandatory detention under § 1226(c)[4], the length

---

[4] Petitioner concedes that he "may be" subject to mandatory detention under § 1226(c) but argues that "[w]hether Respondents eventually pursue a removal charge" that falls under

ORDER ON HABEAS PETITION - 3

and conditions of his detention violate his due process rights. Dkt. 5 ¶¶ 62–66. He asks the Court to order his immediate release or, in the alternative, order Respondents to schedule a bond hearing at which the Department of Homeland Security ("DHS") bears the burden of justifying detention with clear and convincing evidence. *Id*. at 25.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

### A.     Petitioner's detention does not violate substantive due process.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 647 (9th Cir. 2021) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Ninth Circuit has held that "a civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive." *Id.* (quoting *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004)). "A restriction is punitive where it is intended to punish, or where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Id.* (citation modified).

Petitioner claims his detention "violates substantive due process because it is punitive in nature and serves no lawful purpose." Dkt. 5 ¶ 49. Specifically, Petitioner alleges that the

---

§ 1226(c) is "speculative" because the Eleventh Circuit vacated the only removal theory Respondents meaningfully litigated. Dkt. 12 at 4.

ORDER ON HABEAS PETITION - 4

government unreasonably prolonged his detention by (1) advancing a definition of aggravated felony under the INA that had already been rejected by the Fifth and Sixth Circuits before the Eleventh Circuit rejected it in Petitioner's case; (2) failing to yet act on the Eleventh Circuit's February 2026 remand. *Id*. ¶¶ 55–62. Petitioner also points to evidence that NWIPC exposes detainees to "prison-like conditions" and "problems with food, medical neglect, cleanliness, and other issues." *Id*. ¶¶ 59–62.

First, Petitioner is correct that frivolous legal arguments or unreasonable delay can support a substantive due process violation. Dkt. 5 ¶ 62; *see Demore v. Kim*, 538 U.S. 510, 533 (2003) ("[w]ere there to be an unreasonable delay by the [government] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation . . . but to incarcerate for other reasons.") (Kennedy, J., concurring). But Petitioner fails to show that Respondents' actions were meant to punish him.

The BIA acknowledged that the Sixth Circuit had held "that the federal generic definition of rape did not include digital penetration" but declined to adopt this stance because "the Sixth Circuit's determination is not binding on the application of the Board's decision in other circuits." Dkt. 12-1 at 17 (first citing *Keeley v. Whitaker*, 910 F.3d 878, 884 (6th Cir. 2018); and then citing *Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989)). Though the BIA was ultimately reversed in Petitioner's case by the Eleventh Circuit, the government's decision to pursue this argument in a circuit that had not yet decided the question appears to be a "good faith exercise of its procedural remedies" rather than a frivolous argument meant to extend Petitioner's detention. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F. Supp. 3d 518, 527 (W.D. La. 2018) (citing *Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2018 WL 4849684 (N.D. Cal. Oct. 4, 2018)). Similarly, the fact that the BIA has acknowledged the Eleventh Circuit's reversal but not

ORDER ON HABEAS PETITION - 5

set a briefing schedule for rehearing Petitioner's case does not, by itself, show a bad-faith attempt to prolong proceedings. Dkt. 10 ¶ 26.

Second, Petitioner has also not shown that the length of and conditions of his confinement are punitive. As part of the requirement that conditions of pretrial detention not be punitive, "[t]he Fifth Amendment requires the government to provide conditions of reasonable health and safety to people in its custody." *Roman v. Wolf*, 977 F.3d 935, 943 (9th Cir. 2020) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989)). To prove a violation of this duty, a petitioner must show: (1) the government "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the government "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved" and (4) "by not taking such measures, the government caused the plaintiff's injuries." *Id.* (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)) (citation modified). "With respect to the third element, the government's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)) (citation modified). "A mere lack of due care is not enough; a plaintiff must show something akin to reckless disregard." *Id.* (citation modified).

Petitioner does not address this standard, and although he points to evidence that conditions at NWIPC are poor, he has not shown conditions that put *him* at substantial risk for serious harm or identified specific decisions amounting to reckless disregard for those conditions. Nor has he established that "such a violation would justify his immediate release, as opposed to injunctive relief that would leave him detained while ameliorating any

ORDER ON HABEAS PETITION - 6

unconstitutional conditions at the NWIPC." *Ortiz v. Barr*, No. 20-497-RSM-BAT, 2020 WL 13577427, at *7 n.8 (W.D. Wash. Apr. 10, 2020).

Petitioner has therefore not established a substantive due process violation that would require his release from custody. However, Petitioner's evidence regarding the conditions and duration of his confinement will be considered as part of the multi-factor test evaluating his procedural due process claim.

**B.    Petitioner's prolonged detention without a bond hearing violates procedural due process.**

"In the context of immigration detention, it is well-settled that 'due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)). The Fifth Amendment's Due Process Clause "forbids the government to deprive any person of liberty without due process of law." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation modified). Because "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects," a "statute permitting indefinite detention" of a noncitizen "would raise a serious constitutional problem." *Id.*

The Ninth Circuit, in *Rodriguez v. Robbins*, initially held that those detained pursuant to 8 U.S.C. § 1226(c) would be entitled to "automatic bond hearings after six months of detention." 804 F.3d 1060, 1085 (9th Cir. 2015). The *Rodriguez* court reasoned that, to avoid the serious constitutional problem of a statute permitting indefinite detention, the mandatory language of § 1226(c) could be construed to "contain an implicit reasonable time implication." *Id.* at 1069 (quoting *Zadvydas*, 533 U.S. at 682). The Supreme Court reversed this decision in *Jennings v.*

ORDER ON HABEAS PETITION - 7

*Rodriguez*, holding instead that the plain text of § 1226(c) "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." 583 U.S. 281, 305−06 (2018). The Court declined to reach the question whether such mandatory, indefinite detention would violate due process, and instead remanded the due process claims to the Ninth Circuit for consideration in the first instance. *Id.* at 312.

On remand, the Ninth Circuit instructed district courts to determine the "minimum requirements of due process" when considering procedural due process claims challenging detention under 8 U.S.C. § 1226(c). *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018). Since then, a "majority of district courts" consider "a number of factors to determine whether a noncitizen's mandatory detention under 1226(c) violates due process." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (collecting cases). Those factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* The Court will discuss each factor in turn.[5]

---

[5] Neither party applied the *Martinez* test in their briefing. Respondents analyzed Petitioner's claims under the three-part test in *Mathews v. Eldridge*. Dkt. 9 at 7–9 (citing 424 U.S. 319, 334 (1976) (whether due process mandates additional safeguards requires analysis of (1) the private interests, (2) the governmental interests, and (3) the probable value of additional procedural safeguards)). Petitioner relied on *Mathews* in his petition, then on *Banda v. McAleenan* in his reply, which includes all but factors three and four from *Martinez*. Dkt. 5 ¶ 83; Dkt. 12 at 9 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1115 (W.D. Wash. 2019)).

The first, "length of detention," is "the most important factor." *Id.* at \*9. Petitioner has been detained for 55 months. Dkt. 10 ¶¶ 9–27. This is "an extraordinary amount of time to spend in civil detention." *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1083 (N.D. Cal. 2024).[6] Courts in this circuit have consistently found far shorter detentions under § 1226(c) to violate due process. *See, e.g., Yang v. Chestnut*, No. 1:26-CV-01902-DJC-EFB, 2026 WL 915018, at \*3 (E.D. Cal. Apr. 3, 2026) (eleven months); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) (one year; collecting cases); *but see Demore*, 538 U.S. at 531 (holding that six months of detention under § 1226(c) did not constitute a due process violation). Petitioner's detention clearly exceeds the "brief period necessary for [] removal proceedings," and this factor heavily favors Petitioner. *Id.* at 513.

When weighing the second factor, "the likely duration of future detention," a court must consider the "anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at \*9. It is unclear when Petitioner's immigration case will be adjudicated on the merits. *See* Dkt. 10 ¶ 26 (noting that the BIA has notified Petitioner that his case "will be placed on the Board's docket once it is ready for adjudication."). Petitioner notes that the BIA has not yet remanded his case to an IJ in the two months since the Eleventh Circuit's decision—even though "[t]he BIA cannot make a

---

"*Martinez* applies in cases involving detention under 8 U.S.C. § 1226(c)." *Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at \*9 n.2 (W.D. Wash. Aug. 7, 2025) (citing *Martinez*, 2019 WL 5962685 at \*6–7); *see Martinez*, 2019 WL 5962685 at \*8 n.8 (the *Mathews* test "is not the focus of post-*Jennings* district court decisions addressing the constitutionality of prolonged detention under § 1226(c).")). The Court therefore applies *Martinez* here.

[6] *See Demore*, 538 U.S. at 529 ("The Executive Office for Immigration Review has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days. In the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeal takes an average of four months, with a median time that is slightly shorter.").

ORDER ON HABEAS PETITION - 9

removability finding in the first instance." Dkt. 12 at 4. These facts favor a bond hearing for Petitioner.

The third and fourth factors consider "whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable" and "the nature of the crimes the petitioner committed." *Martinez*, 2019 WL 5968089, at *9. Petitioner pleaded guilty to serious crimes—sexual abuse and kidnapping of his then-girlfriend—and ultimately served about seven-and-a-half years in prison. Dkt. 11-1 at 1–6; Dkt. 10 ¶ 8. These two factors lean in favor of the government. *See Martinez*, 2019 WL 5968089, at *9 (factors three and four favored government when petitioner was sentenced to five years for drug-related felonies and had been detained for 13 months).

With the fifth factor, "the conditions of detention," the Court considers the "conditions of the detention facility where the petitioner is detained." *Id.* (citation omitted). The closer the conditions are to "penal confinement, the stronger [the petitioner's] argument." *Id.* (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 860 (D. Minn. 2019)). As discussed above, Petitioner provides some evidence that conditions at NWIPC are poor and comparable to a prison. *See* Dkt. 12 at 7–8; *Maliwat*, 2025 WL 2256711 at *5 (petitioner observed that NWIPC's nutrition, sanitation, and safety were worse than that of the navy brig where he was previously confined for a court martial). This factor favors Petitioner.

As to the sixth and seventh factors, the Court considers "delays in the removal proceedings caused by the petitioner" and "delays in the removal proceedings caused by the government." *Martinez*, 2019 WL 5968089, at *9. The Court considers these factors together. *Banda*, 385 F. Supp. 3d at 1119. This factor weighs against finding detention unreasonable when a noncitizen "has 'substantially prolonged his stay by abusing the processes provided,'" but not when he "simply made use of the statutorily permitted appeals process." *Barraza v. ICE Field*

ORDER ON HABEAS PETITION - 10

*Off. Dir.*, No. C23-1271-BHS-MLP, 2023 WL 9600946, at *6 (W.D. Wash. Dec. 8, 2023), *report and recommendation adopted sub nom. Barraza v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. C23-1271 BHS, 2024 WL 518945 (W.D. Wash. Feb. 9, 2024) (citation omitted).

Petitioner "asserts that neither he nor Respondents have meaningfully delayed removal proceedings in the traditional sense," but argues that Respondents "delayed this case for over four years by exclusively pursuing a removal theory that two circuit courts had deemed fatally flawed *before* DHS initiated removal proceedings." Dkt. 12 at 10–11. As discussed above, Respondents' removal theory was not so deficient as to indicate a bad-faith litigation tactic. *See supra* Section III.A. But while "not the result of intentional action on behalf of government officials, this delay is attributable to the Government." *Martinez*, 2019 WL 5968089, at *10. Petitioner has also pointed to other sources of government delay, such as the BIA's recent failure to remand Petitioner's case to an IJ for a merits hearing. Dkt. 12 at 4. These factors thus lean in Petitioner's favor.

Finally, the last factor concerns the "likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *10. The Court must consider "whether the noncitizen has asserted any defenses to removal." *Id.*. Despite Petitioner's serious criminal convictions, it is not clear what removal theory the government will advance upon remand from the Eleventh Circuit, and Petitioner asserts that he is eligible for protection from removal via CAT relief. Dkt. 12 at 11–12; Dkt. 12-3 ¶¶ 20–21 ("People in Sierra Leone will also target me because my family and I escaped during the war . . . I also fear that I would be killed because of the very serious criminal convictions that I have"). This factor does not favor either party.

ORDER ON HABEAS PETITION - 11

After considering Petitioner's claim under the eight factors in *Martinez*, five of the eight factors—including length of detention, the most important factor—lean in favor of Petitioner while only two factors lean in favor of Respondents. Petitioner's continued detention under § 1226(c) without a bond hearing has therefore become unreasonable and violates procedural due process.

**C.    Petitioner is entitled to a bond hearing, not immediate release.**

Petitioner "concedes that courts in this district—including this Court—have refused to order immediate release of noncitizens" in similar cases. Dkt. 12 at 12. Indeed, courts have found that "[t]here is no authority" to support a claim that a petitioner "is entitled to an order of release." *Juarez v. Wolf*, No. C20-1660-RJB-MLP, 2021 WL 2323436, at *8 (W.D. Wash. May 5, 2021), *report and recommendation adopted*, No. 20-1660 RJB - MLP, 2021 WL 2322823 (W.D. Wash. June 7, 2021); *see Hong v. Mayorkas*, 2022 WL 1078627, at *7 (explaining that the remedy for prolonged detention is a bond hearing). Petitioner has not pointed to any reason why this case necessitates immediate release instead, and the Court finds that a bond hearing is the appropriate remedy.

The parties disagree as to the contours of the bond hearing. Petitioner asks the Court for an order requiring Respondents to "justify [his] continued detention by clear and convincing evidence." Dkt. 12 at 13. Respondents argue that Petitioner should bear the burden of proof to justify release. Dkt. 9 at 10.

When the Supreme Court reversed *Rodriguez* with *Jennings*, it did not "engage in any discussion of the specific evidentiary standard applicable to bond hearings, and there is no indication that the [Supreme] Court was reversing the Ninth Circuit as to that particular issue." *Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1146–47 (N.D. Cal. 2018).

ORDER ON HABEAS PETITION - 12

In *Singh v. Holder*, the Ninth Circuit clarified that "the government should be held to a clear and convincing evidence standard of proof" in a bond hearing for a noncitizen detained under 8 U.S.C. § 1226(c) whose detention has become prolonged. 638 F.3d 1196, 1203 (9th Cir. 2011); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201–02 (9th Cir. 2022) (acknowledging that *Singh* "relied on the Due Process Clause in determining the procedural rights available" to § 1226(c) detainees once they became entitled to bond hearing, even if the "implied statutory right to a bond hearing" had been overruled). Accordingly, the Court agrees that Respondents will be required to meet the clear and convincing standard at Petitioner's bond hearing. *See id.*; *Banda*, 385 F. Supp. 3d at 1107; *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (finding the BIA applied the correct legal standard in requiring the government to prove by clear and convincing evidence that a noncitizen detained under Section 1226(c) was a danger to the community); *Aleman Gonzalez v. Barr*, 955 F.3d 762, 766 (9th Cir. 2020), *rev'd on other grounds sub nom. Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022) ("Because *Jennings* did not invalidate our constitutional due process holding in *Singh*, the district court also properly required the Government to bear a clear and convincing burden of proof . . . to justify an alien's continued detention.").

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 5) is GRANTED IN PART and DENIED IN PART.

2.    Within 14 days of this Order, Respondents must either release Petitioner Ishmahil Barrie or provide him with an individualized bond hearing before a neutral decisionmaker that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

ORDER ON HABEAS PETITION - 13

3.      Any request for fees must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 4th day of May, 2026.

_____

Tiffany M. Cartwright
United States District Judge

ORDER ON HABEAS PETITION - 14